IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLAKWESU Y. ELBEY a/k/a LARRY E. EALY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 3:22-cv-24-DWD |
| vs. | ) ) |
| KIM RHODES and JAMES JACOBI, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Olakwesu Y. Elbey filed this lawsuit on January 6, 2022. On the same day, Elbey filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Two matters must be resolved before *in forma pauperis* status can be granted: the plaintiff must show that he is indigent by submitting an affidavit "that includes a statement of all assets [he] possesses [showing] that [he] is unable to pay such fees or give security therefor," and the plaintiff's complaint must state a claim upon which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2).

In his complaint, Elbey claims that his son, Ladonte D. Ealy, was found dead in Effingham, Illinois in September 2021. (Doc. 1 at 1–2). At first, Defendant Kim Rhodes, the Effingham County Coroner, misidentified Ealy as a white male. (Doc. 1 at 2). Elbey asserts that Ealy was African American. (Doc. 1 at 2). According to Elbey, Dr. James Jacobi, a pathologist, also misidentified Ealy as white and stated that he could not find a cause of death. (Doc. 1 at 2). Elbey has been unable to confirm that the body is that of his

son because the body no longer has a face. Rhodes told Elbey that animals and fish "cleaned the face hair and scalp down to the bone," but Elbey claims that Jacobi removed Ealy's face during the autopsy to prevent identification. (Doc. 1 at 3). In short, Elbey appears to claim that Defendants engaged in a conspiracy to murder Ealy and conceal his identity after the fact.

For a plaintiff to state a claim under Federal Rule of Civil Procedure 8, he must state the basis for the court's jurisdiction, a short summary of the claim showing that he is entitled to relief, and a demand for the specific relief sought. Elbey's complaint fails to state a claim for relief under Rule 8. While he states many factual allegations, he does not identify a cause of action or statute that would provide him with a legal claim. Elbey does demand specific relief: he asks the Court to direct Defendants to appoint an outside pathologist to reexamine Ealy's body. But Elbey never provides a legal basis showing that this Court has authority to order Defendants to do so.

Elbey also fails to show that this Court has jurisdiction over his case. "It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007). One common basis for federal subject matter jurisdiction is diversity jurisdiction. To establish diversity jurisdiction, a plaintiff must show that the plaintiff and defendants are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Elbey's complaint indicates that he lives in Muncie, Indiana and that Jacobi lives in Bedford, Indiana. (Doc. 1 at 1). If that is true, diversity jurisdiction does not exist in this case because the plaintiff and one of the defendants are citizens of the same state. *See*

*Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant.").

The other common basis for federal subject matter jurisdiction is called federal question jurisdiction. This type of jurisdiction exists for cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law when 'federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Luckett v. First Midwest Bank*, 576 F. Supp. 2d 925, 928 (N.D. Ill. 2008) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997)). But Elbey has not invoked any federal law as the basis for his claims or otherwise shown that his claims involve a substantial question of federal law. Therefore, he has not shown that federal question jurisdiction exists either.

For these reasons, Elbey's complaint (Doc. 1) is **DISMISSED without prejudice** with leave to amend. On or before February 20, 2022, Elbey shall file an amended complaint that clearly states the cause of action or statute supporting his claims and the basis for the Court's jurisdiction over those claims. Failure to do so will result in the final dismissal of the case.

**SO ORDERED.**

Dated: January 20, 2022

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
DAVID W. DUGAN
United States District Judge