# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLAKWESU Y. ELBEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00024-DWD |
| | ) |
| KIM RHODES and JAMES JACOBI, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Motion for Leave to Amend Complaint (Doc. 13). For the reasons explained below, the Court **DENIES** that Motion.

On January 6, 2022, Petitioner initiated this case with an Emergency Complaint in Mandamus/Prohibition ("Complaint") (Doc. 1). On January 20, 2022, the Court dismissed Petitioner's Complaint, without prejudice and with leave to amend on or before February 20, 2022, because it failed to state a claim for relief under Federal Rule of Civil Procedure 8 and establish subject matter jurisdiction. (Doc. 1, pg. 2-3). While Petitioner made many factual allegations, he failed to identify a cause of action or statute that provided a legal claim. (Doc. 1, pg. 2). Further, while Petitioner demanded specific relief, he did not provide a legal basis for a grant of relief. (Doc. 1, pg. 2). In his Amended Complaint, Petitioner was ordered to "clearly state[] the cause of action or statute supporting his claims and the basis for the Court's jurisdiction." (Doc. 1, pg. 3). Petitioner was warned that the failure to do so would result in a final dismissal. (Doc. 1, pg. 3).

On January 27, 2022, Petitioner again filed an Amended Emergency Complaint in Mandamus/Prohibition ("Amended Complaint") (Doc. 8). On March 3, 2022, the Court dismissed the Amended Complaint for lack of jurisdiction. (Doc. 9). In its Memorandum & Order, the Court noted that Petitioner's Amended Complaint "appear[ed] to be an exact copy of his original complaint." (Doc. 9, pg. 1). For this reason, the Court again found that Petitioner failed to establish subject matter jurisdiction. (Doc. 9, pg. 2). In ordering the dismissal of the Amended Complaint, the Court directed the Clerk to enter judgment and close the case, which the Clerk did on March 4, 2022. (Docs. 9, pg. 2; 10).

On March 23, 2022, Petitioner filed the Motion for Leave to Amend Complaint that is presently at issue. (Doc. 13). Five days later, on March 28, 2022, Petitioner appealed the Court's March 3, 2022, decision. (Doc. 14). On appeal, Petitioner filed two separate Motions to Proceed *In Forma Pauperis*. Each Motion was denied. When denying the second Motion, the Seventh Circuit found Petitioner "ha[d] not identified a good faith issue that the district court erred in dismissing his complaint." Therefore, Petitioner was ordered to pay the required docketing fee within 14 days or the appeal would be dismissed for his failure to prosecute. Petitioner did not file the required docketing fee within 14 days, so the Seventh Circuit dismissed his appeal on August 31, 2022.

By virtue of the foregoing, Petitioner's Motion for Leave to Amend Complaint is now ripe for a decision by the Court. In the post-judgment context, which is where the present case now stands, a plaintiff seeking leave to amend a complaint must first file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). *See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 784 (7th Cir. 1994) (citing *Twohy v. First Nat. Bank of*

*Chicago*, 758 F.2d 1185, 1196 (7th Cir. 1985)); *Rodriguez v. U.S.*, 286 F.3d 972, 980 (7th Cir. 2002); Fed. R. Civ. P. 59(e), 60(b). Petitioner has not done so. Therefore, in light of the present posture of the case, the Court **DENIES** Petitioner's Motion for Leave to Amend Complaint.

**SO ORDERED.**

Dated: September 16, 2022

_____
DAVID W. DUGAN
United States District Judge